UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER RYAN,

                    Plaintiff,

    v.

TOWN OF TONAWANDA,
TOWN OF TONAWANDA POLICE DEPARTMENT,
JAMES STAUFFIGER, Individually and as Chief
of Police for the Town of Tonawanda Police
Department,

                    Defendants.
_____

**DECISION**
**and**
**ORDER**

**23-CV-351LJV(F)**

APPEARANCES:        BARTLO HETTLER WEISS & TRIPI
                                Attorneys for Plaintiff
                                PAUL D. WEISS, of Counsel
                                22 Victoria Boulevard
                                Kenmore, New York   14217

                                COLUCCI & GALLAHER, P.C.
                                Attorneys for Defendants
                                PAUL G. JOYCE,
                                MARC S. SMITH, of  Counsel
                                350 Main Street, Suite 800
                                Buffalo, New York   14202


In this Title VII and § 1983 action alleging Defendants discriminated against Plaintiff based on Plaintiff's race, veteran status, and political affiliation, by papers filed August 20, 2024, Plaintiff moves pursuant to Fed.R.Civ.P. 37(a) to compel Defendant James Stauffiger, Defendant Town of Tonawanda's Police Chief ("Stauffiger"), to answer questions posed by Plaintiff during Stauffiger's deposition ("Plaintiff's motion").[1] Plaintiff also requests an award of costs pursuant to Rule 37(a)(5)(A).  Specifically, at

---

[1] See Fed.R.Civ.P. 37(a)(3)(B)(i) (authorizing a party to move to compel a deponent's answer to the party's question asked pursuant to Fed.R.Civ.P. 30).

Stauffiger's deposition conducted on July 1, 2024, Plaintiff asked Stauffiger to relate what Joseph Emminger, Supervisor of Defendant Town of Tonawanda ("Emminger"), said to Stauffiger during a meeting they held in Stauffiger's conference room. The pertinent colloquy between Plaintiff's counsel and Stauffiger developed as follows:

> Q: What did Emminger say to you?
>
> A: Am I allowed to discussed a personal matter?
>
> Q: There was no objection here. You don't get – you don't get to counsel or coach.
>
> A: Then I'm not going to answer that question . . ..

Dkt. 11-4 at 5, ll 8-12

x x x x x x x x x

> MR. WEISS: Would you [Defendants' counsel] direct your client to answer my question?
>
> MR. JOYCE: He is not going to answer the question.
>
> MR. WEISS: Can you tell me what the basis of your objection is?

Dkt. 11-4 at 6, ll 5-12

x x x x x x x x

> MR. JOYCE: Just because it's an allegation in the complaint does not make it relevant . . ..

Dkt. 11-5 at 6, ll 19-21.

> MR. WEISS: Again, I'm going to ask you what was the sum and substance of that conversation with the Supervisor Emminger?
>
> MR. JOYCE: Objection. Asked and answered. Do not answer it.

Dkt. 11-4 at 8, ll 3-7.

In support of Plaintiff's motion, Plaintiff contends that under Fed.R.Civ.P. 30(c)(2) ("Rule 30") an instruction to a witness that the witness not answer a question is proper

only where necessary to preserve a privilege, enforce a limitation ordered by the court or in order to present a motion pursuant to Fed.R.Civ.P. 30(d)(3) ("Rule 30(d)(3)").  Dkt. 11-7 at 5.  In opposition, Defendants assert that Plaintiff's questions at issue do not seek information relevant to Plaintiff's claims as evidenced by Chief Stauffiger's affidavit in which Stauffiger avers that his meeting with Supervisor Emminger was about a personal matter unrelated to Plaintiff that had "nothing to do with" Plaintiff.  Dkt. 13-6 at 4.  Defendants also assert that in conducting several depositions in this case, including Stauffiger's, Plaintiff's counsel had engaged in "creating a combative atmosphere with the witnesses," Dkt. 13 ¶¶ 4, 5 (referencing depositions of Stauffiger, Matthew DeRose and Captain William Krier), by Plaintiff's counsel making faces at Chief Stauffiger and yelling at DeRose and Captain Krier.  *Id.* ¶¶ 6, 7, 8.  Based on Plaintiff's counsel's "demonstrated unreasonable annoyance of [Defendants'] witnesses," Defendants contend Plaintiff's relief should be precluded.  Dkt. 13 ¶ 11.  Oral argument was deemed unnecessary.

      Preliminarily, Rule 37(a)(1) requires, as a prerequisite to seeking relief, that the parties engage or attempt to engage in a good faith effort to avoid judicial intervention. *See also* Local R.Civ.P. 7(d)(3) (requiring an affidavit demonstrating "sincere efforts" have been made to resolve the dispute).  Here, Plaintiff's counsel's affidavit (Dkt. 11-1) avers that following Stauffiger's deposition he sent, on July 18, 2024, to Defendants' attorney a letter indicating the basis for Plaintiff's question to Defendant Stauffiger and requesting that Defendant be produced for a further deposition to obtain answers to Plaintiff's questions.  Dkt. 11-1 at 1.  Having received no response to the letter, Plaintiff's counsel, on August 5, 2024, again requested by letter Defendants' response.

3

Dkt. 11-1 at 2.  Thereafter, Defendants having again failed to respond to Plaintiff's August 5, 2024 letter, on August 9, 2024, Plaintiff's counsel telephoned Defendants' counsel to discuss the issue, however, Defendants' attorney failed to answer the call and Plaintiff's counsel was required to leave a message without receiving a response from Defendants' attorney.  *Id.* Based on this information, uncontradicted by Defendants, the court finds Rule 37(a)(1) and Local Rule 7(d)(3)'s prerequisite to the instant motion to be fully satisfied.  Moreover, Defendants do not oppose Plaintiff's motion on this ground.  See Dkt. 13, *passim.*

It is basic that under Rule 30(c)(2) a deponent is "required to answer questions at [his or her] oral deposition unless an objection is interposed based on privilege, to enforce a court ordered limitation, or to enable the witness to seek relief from questioning which creates unreasonable annoyance, embarrassment, or is found oppressive pursuant to Fed.R.Civ.P. 30(d)(3)."  *Scott v. Howard*, 2019 WL 311618, at *1 (W.D.N.Y. Jan. 24, 2019).  Further, "a party's refusal to answer questions at his deposition may result in sanctions including an award of the reasonable expenses and attorneys' fees incurred by the party conducting the deposition against a person, including the witness, who impedes, delays or frustrates the fair examination of the deponent."  *U.S. ex rel. Tiesinga v. Dianon Sys., Inc.*, 240 F.R.D. 40, 43 (D.Conn. 2006).  Nor is there any valid ground for Stauffiger's unilateral refusal to answer Plaintiff's questions by asserting a lack of relevancy.  See *Murphy v. Maggs*, 2024 WL 884992, at *5 (W.D.N.Y. Mar. 1, 2024) ("Defendants are not required to explain the relevancy of the question or explain how plaintiff's answer may be used in the case.") (quoting Rule 30(c)(2) ("[a]n objection at the time of the examination . . . must be noted

4

on the record, but the examination still proceeds; the testimony is taken subject to any objection.")); *Hill v. Payne*, 2023 WL 2342892, at *3 (W.D.N.Y. Mar. 3, 2023) ("Specifically, if a deponent believes that a question seeks irrelevant or inadmissible testimony, he or she should concisely note the objection and answer the question.") (citing *Gould Invs., L.P. v. Gen. Ins. Co. of Trieste & Venice*, 133 F.R.D. 103, 104 (S.D.N.Y. 1990) ("It is not the prerogative of counsel . . ., but of the court, to rule on objections")); *Maldonado v. Srour*, 2015 WL 5098617 at *2 (E.D.N.Y. Aug. 15, 2015) (rejecting argument that plaintiffs attempted to annoy, embarrass or oppress the deponent by asking questions about personal information not connected to the plaintiff's claim because "[l]ack of relevancy is not a proper ground for instructing a witness not to answer deposition questions"). Moreover, "parties do not need to raise objections such as relevancy or competency that cannot be cured by rephrasing." Baicker-McKee, Janssen, Federal Civil Rules Handbook (Thomson-Reuters 2024) at 835. As such, Stauffiger's unilateral decision to refuse to answer Plaintiff's questions regarding their meeting with Supervisor Emminger was without any basis and Defendants' counsel's objection to Plaintiff's questions and instruction to Stauffiger not to answer Plaintiff's questions were improper.

  Turning to Defendants' assertion that Plaintiff's counsel's behavior during the depositions of Stauffiger, DeRose and Krier constitutes sufficient misconduct warranting a denial of Plaintiff's motion, the court notes Defendants failed to timely suspend any of the three depositions and move for relief pursuant to Rule 30(d)(3). Rule 30(d)(3) requires a reasonably prompt response by a deponent relating to any misconduct by the deposing attorney which a deponent believes constitutes harassment, annoyance,

oppression or embarrassment.  *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1458239, at *3 (W.D.N.Y. Apr. 14, 2016) (plaintiff's failure to seek Rule 30(d)(3) relief supports a finding plaintiff's complaints about defendant's counsel's alleged misconduct during plaintiff's deposition lack credibility).  Here, Defendants have failed to timely seek relief pursuant to Rule 30(d)(3) based on Plaintiff's counsel's deposition misbehavior as Defendants have belatedly asserted in opposition to Plaintiff's motion.  Thus, the court declines to address Defendants' assertion of Plaintiff's counsel's deposition misconduct as a basis to deny Plaintiff's otherwise meritorious motion.  Accordingly, Defendants' failure forecloses such relief at this time.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 11) is GRANTED.  As required by Rule 37(a)(5)(A), Defendants shall show cause not later than 20 days from this Decision and Order why Plaintiff should not be awarded Plaintiff's reasonable expenses including attorneys fees incurred in connection with Plaintiff's motion in accordance with Rule 37(a)(5)(A); Plaintiff's response shall be filed within 10 days thereafter; any reply by Defendants may be filed within 5 days thereafter.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:   October 10, 2024
             Buffalo, New York