# Colucci & Gallaher, P.C.

Direct Dial:   (716) 853-6509
Email:         pjoyce@colucci-gallaher.com

November 27, 2024

Hon. Leslie G. Foschio
United States Magistrate Judge
2 Niagara Square
Buffalo, New York 14202

   Re: Ryan v. Town of Tonawanda, *et al.*
      Civil Case no. 23-CV-00351 LJV(F)

Dear Magistrate Judge Foschio:

Defendants submit this correspondence in response to Plaintiff's November 18, 2024 correspondence seeking recovery of attorney's fees and expenses incurred in the motion to compel compliance. Chief Stauffiger has already been produced for deposition and Defendants are paying the invoice for the deposition directly. For the reasons stated below, Defendants respectfully disagree that Plaintiff's requested fees and expenses are reasonable, and request that the Court reduce the requested amount in accordance with the applicable case law in Western District of New York.

### Plaintiff's Requested Fees and Expenses are Unreasonable.

To calculate reasonable attorneys' fees and expenses for Rule 37 motions, courts employ the 'lodestar method.' *See Mills v. Steuben Foods, Inc.*, No. 19-CV-1178WMS(F), U.S. Dist. LEXIS 186324, *6 (W.D.N.Y. Oct. 17, 2023); *Scott-Iverson v. Indep. Health Ass'n*, No. 13-CV-451V(F), 2016 U.S. Dist. LEXIS 50419, *5 (W.D.N.Y. April 14, 2016). The lodestar method for calculating reasonable attorneys' fees requires multiplying "a reasonably hourly rate" by "the reasonable number of hours required by the case . . . ." *Millea v. Metro North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011). When a plaintiff offers an unreasonable lodestar, district courts have broad discretion to reduce the fee. *See id.* ("The district court retains discretion to determine...what constitutes a reasonable fee" (citation omitted)).

In this case, Plaintiff's suggested lodestar is unreasonable. The Court should use its broad discretion to reduce any awarded fees to a reasonable amount. First, Plaintiff's counsel has used unreasonable hourly rates. Counsel, his law clerk, and his paralegal's rates are all significantly higher than the Western District of New York's average. Second, Plaintiff's claim included an unreasonable number of hours to address the issue.

# COLUCCI & GALLAHER, P.C.

**A. The hourly rates being proposed are unreasonable.**

In determining an attorney's 'reasonable hourly rate,' courts have noted that "reasonable, paying client[s] wish[] to spend the minimum [amount] necessary to litigate . . . effectively." *Ortiz v. Stambach*, 657 F. Supp.3d 243, 263 (W.D.N.Y. 2023). As such, when calculating fees, courts use "the prevailing hourly rate in the community . . . ." *Id.* 'The prevailing hourly rate in the community,' courts have elaborated, is the rate usually charged by attorneys in "the district where . . . district court[s] sit[]." *Id.*

In the Western District of New York, experienced civil rights attorneys usually charge "no more than $300 per hour." *Ortiz*, 657 F. Supp.3d at 263; *see Meeks v. City of Rochester*, No. 6:22-CV-6163 EAW, 2023 U.S. Dist. LEXIS 101877, *7 (W.D.N.Y. June 12, 2023) (stating that $300 was the prevailing rate for experienced civil rights attorneys in the W.D.N.Y.); *Warr v. Libertore*, No. 13-CV-6508MWP, 2022 U.S. Dist. LEXIS 60549, *13 (W.D.N.Y. Mar. 31, 2022) (collecting cases and finding that an hourly rate of $350 was unreasonable).

Less experienced W.D.N.Y. attorneys, for their part, "typically have rates of no more [than] $200 per hour." *See, e.g., Ortiz*, 657 F. Supp.3d at 267. The reasonable rate of reimbursement for a paralegal is typically around $75-$100 per hour. *See, e.g., id.* at 269 (finding that a reasonable paralegal fee was $100); *Berry v. United Merch. Asset Recovery of WNY, LLC*, 2023 U.S. Dist. LEXIS 49952, *9 (W.D.N.Y. Mar. 23, 2023) (finding "an hourly paralegal rate of $75 . . . more in line" with the W.D.N.Y.'s standard); *McPhaul v. Insight Mgmt. Partners, LLC*, No. 1:19-cv-1932, 2022 U.S. Dist. LEXIS 32035, *10-11 (W.D.N.Y. Feb. 22, 2022) (finding $50 per hour as a reasonable paralegal fee).

Finally, courts have explained that student law clerks "cannot expect to garner fees similar to those earned by a junior associate who is license[d] to practice law." *Kadden v. VisuaLex, LLC*, 2012 U.S. Dist. LEXIS 173922, *6 (S.D.N.Y. Oct. 22, 2012). As such, when firms charge for student law clerks at associate rates, courts will reduce such rates. *See Brown v. Mustang Sally's Spirits & Grill, Inc.*, No. 12-CV-529S, (W.D.N.Y. Sep. 18, 2013) (reducing a student law clerk's hourly rate from $200 to $100); *see also McPhaul*, 2022 U.S. Dist. LEXIS 32025, at *10-11 (finding that $110 an hour was an acceptable rate for student law clerks).

Here, Plaintiff's counsel charged a rate much higher than what attorneys typically charge in the Western District of New York. Specifically, Plaintiff's attorney charged $450 per hour. This hourly amount is one-and-a-half times what the W.D.N.Y. has steadfastly endorsed for "experienced civil rights attorneys" (i.e., $300 per hour), even as general costs have risen in the 2020s. *See, e.g., Ortiz*, 657 F. Supp.3d at 263. And while Defendants do question Plaintiff's attorney's longevity, charging $450 per hour cuts across the great weight of W.D.N.Y case law. *See, e.g., id.*; *Meeks*, 2023 U.S. Dist. LEXIS 101877, at *7; *Warr*, 2022 U.S. Dist. LEXIS 60549, at *13.

Plaintiff's claim for law clerk fees fare no better. Plaintiff's counsel is claiming $200 per hour for his unlicensed law clerk, an amount that comparable to the rate charged for licensed

# COLUCCI & GALLAHER, P.C.

associated in the Western District of New York. *See Ortiz*, 657 F. Supp.3d at 267 (explaining that a typical hourly rate for a less experienced attorney in the W.D.N.Y. is $200). There is clearly a difference between an associate and a law clerk, as an associate has graduated from law school, passed the bar exam and is licensed to practice law. Plaintiff's law clerk does not meet any of these benchmarks. Charging for a law clerk at attorney rates is neither fair nor acceptable under the law. *See, e.g., Kadden*, 2012 U.S. Dist. LEXIS 173922, at *6; *Brown*, 2013 U.S. Dist. LEXIS 133618, at *16; *McPhaul*, 2022 U.S. Dist. LEXIS 32025, at *10-11.

Even the claim for paralegal fees is excessive. In the Western District of New York, courts have typically found $75 to $100 to constitute a reasonable paralegal hourly rate. *See, e.g., Ortiz*, 657 F. Supp.3d at 269; *Berry*, 2023 U.S. Dist. LEXIS 49952, at *9; *McPhaul*, 2022 U.S. Dist. LEXIS 32025, at *10-11. Plaintiff's counsel essentially charges double this amount for the work of his paralegal: $150 per hour. As to why Plaintiff's paralegal fees are this exorbitant, he offers no explanation. While Defendants do not doubt that the paralegal does good and honest work, it simply remains that Plaintiff's attorney is asking for fees entirely off-base from the W.D.N.Y.'s standard.

Thus, in determining this motion's lodestar amount, the Court should reduce the Plaintiff's proffered hourly rates to a reasonable rate for this jurisdiction.

**B. The number of hours is unreasonable.**

In the lodestar analysis's second half, district courts must determine "the reasonable number of hours" a case requires. *Millea*, 658 F.3d at 166. In so determining, district courts must "exclude[] documented hours that are 'excessive, redundant, or otherwise unnecessary.'" *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022). To analyze if a party's hours were 'excessive, redundant, or unnecessary,' district courts can draw on "their experience with [a] case and their experience with the practice of law." *Parks v. Saltman*, No. 20-CV-6384-FPG, 2024 U.S. Dist. LEXIS 183959, *12 (W.D.N.Y. Oct. 8, 2024).

To reduce such excessive, redundant, or otherwise unnecessary hours, district courts retain discretion "to deduct a reasonable percentage of the number of hours claimed . . . ." *Raja*, 43 F.4th at 87. Similarly, district courts retain discretion to reduce attorneys' hourly rate "for time spent on clerical tasks . . . ." *Id.*

In examining reasonable hours billed for motions to compel, courts will consider such motions' complexity. *See Masetta v. Town of Irondequoit*, No. 06-CV-6143T, 2011 U.S. Dist. LEXIS 43756, *5 (W.D.N.Y. Apr. 11, 2011). When a party overcharges for motions that are neither "unusual or complex[,]" courts will accordingly reduce parties' billed hours to a more reasonable amount. *Id.* (collecting cases and reducing 6.9 hour charge for drafting a motion to compel by 20%); *Laurey v. Chemung County Sheriff's Office*, No. 08-CV-6374L, 2011 U.S. Dist. LEXIS 44797, *6 (W.D.N.Y. Apr. 26, 2011) (explaining that 10.3 hours spent on a motion to compel was excessive); *see New York v. Grand River Enters. Six Nations, Ltd.*, 2021 U.S. Dist. LEXIS 60532, *20 (W.D.N.Y. Oct. 26, 2021) (reducing the

# COLUCCI & GALLAHER, P.C.

plaintiff's attorney's fees where the hours charged were "excessive in light of the . . . routine nature" of the plaintiff's motion to compel).

Finally, in determining the reasonableness of the number of hours billed, courts generally disfavor block-billing—"the practice of lumping multiple distinct tasks into a single billing entry . . . ." *Id.* Courts especially disfavor block-billing when a party's "time entries reflect[] a mix of clerical and legal work . . . ." *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019).

Here, the Court should use its discretion to apply an across-the-board reduction to the hours claimed, as they are unreasonable and redundant.

To start, the immediate motion to compel was neither unusual nor complex. *See Masetta*, 2011 U.S. Dist. LEXIS 43756, at *5; *Laurey*, 2011 U.S. Dist. LEXIS 44797, at *6. The motion dealt with a witness's refusal to answer a deposition question. When the witness was re-deposed, the testimony confirmed that the Plaintiff was not mentioned in the meeting that was the subject of the motion. There were no novel or bizarre issues of discovery involved.

Despite the fact that the immediate motion was neither unusual nor complex, Plaintiff's counsel spent a combined eighteen hours on the motion. Of note, the section of Plaintiff's Memorandum of Law in Support of his motion to compel entitled "Deponents Must Answer Questions Unless Some Protection or Privilege Applies" reads almost the exact same—and offers no new research—as Plaintiff's counsel's July 18, 2024 correspondence. As a combined eighteen hours spent on a routine motion to compel a Deponent's non-answer is excessive, Defendants ask the Court to reduce the billed hours to a more reasonable amount. *See Masetta*, 2011 U.S. Dist. LEXIS 43756, at *5 (reducing the plaintiff's charge of 6.9 hours spent on a routine motion to compel); *Laurey*, 2011 U.S. Dist. LEXIS 44797, at *6 (reducing the plaintiff's charge of 10.3 hours spent on a routine motion to compel).

In addition, the requested charge is presented by block-billing. In one instance, on July 10, 2024, Plaintiff's attorney's law clerk spent two combined hours conducting research on the immediate motion and "forward[ing] e-mail correspondence to transcriber relative to dates for deposition scheduling and transcripts." The second half of this time entry—forwarding emails for deposition scheduling—is properly categorized as a clerical task and has nothing to do with a motion to compel, necessitating an appropriate reduction because there is no indication that "forward[ing] e-mail correspondence to transcriber relative to dates for deposition scheduling and transcripts" even relates to the subject motion. *See Raja*, 43 F.4th at 87. Plus, there exists

In another instance, Plaintiff's law clerk spent two hours "[r]eviewing correspondence" on the immediate motion to compel, and "forward[ing] e-mail correspondence" relating to the motion. Properly labeled, this entry represents combined "clerical and legal work . . . ." *Lilly*, 934 F.3d at 234, or is duplicative of work done by the licensed attorney. Defendants again request that the Court use its discretion to account for this inappropriate billing practice.

# COLUCCI & GALLAHER, P.C.

Thus, in determining this motion's lodestar amount, the Court should reduce the Plaintiff's proffered billed hours.

## CONCLUSION

Given that both the hourly rates and number of billed hours were unreasonable, Defendants respectfully request that the Court reduce the rate and hours to a reasonable amount for what was a simple and straightforward dispute.

                                          Respectfully,

                                          for COLUCCI & GALLAHER, P.C.

800 MAIN PLACE TOWER, 350 MAIN STREET•BUFFALO, NEW YORK 14202-3750
Telephone (716) 853-4080•Facsimile (716) 854-4070•www.colucci-gallaher.com