UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CHRISTOPHER RYAN,<br><br>                Plaintiff,<br>   v.<br><br>TOWN OF TONAWANDA,<br>TOWN OF TONAWANDA POLICE DEPARTMENT,<br>JAMES STAUFFIGER, Individually and as Chief<br>of Police for the Town of Tonawanda Police<br>Department,<br><br>                Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**23-CV-351-LJV(F)** |

_____

APPEARANCES:   BARTLO HETTLER WEISS & TRIPI
               Attorneys for Plaintiff
               PAUL D. WEISS, of Counsel
               22 Victoria Boulevard
               Kenmore, New York   14217

               COLUCCI & GALLAHER, P.C.
               Attorneys for Defendants
               PAUL G. JOYCE,
               MARC S. SMITH, of Counsel
               350 Main Street, Suite 800
               Buffalo, New York   14202


In this Title VII and § 1983 action, Plaintiff claims Defendants discriminated against him based on Plaintiff's race, veteran status, and political affiliation. By Decision and Order, filed October 10, 2024, (Dkt. 19) ("the October 10, 2024 D&O"), the court granted Plaintiff's motion (Dkt. 11) to compel Defendant Police Chief James Stauffiger ("Chief Stauffiger" or "Stauffiger") to provide answers to certain questions asked by Plaintiff at Stauffiger's July 8, 2024 deposition concerning a conversation Stauffiger had with Defendant Town's Supervisor, and directed Defendants to show

cause why Plaintiff's expenses, including reasonable attorneys fees, incurred in connection with bringing the motion, should not be granted as required by Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)") ("the OTSC").  By letter filed October 30, 2024, Defendants advised the court Defendants did not oppose such an award.  (Dkt. 20).  Accordingly, the court directed Plaintiff to file an application in support of an award pursuant to Rule 37(a)(5)(A).  *See* (Dkt. 21).  On November 19, 2024, Plaintiff filed Plaintiff's statement of Time Details in support of Plaintiff's application in which Plaintiff requested an award of $11,025 which included $1,275 for 8.5 hours in paralegal expenses, $6,150 for 30.75 hours for a law clerk's time, and $3,600 for 8 hours of Plaintiff's counsel's time in preparing and filing Plaintiff's motion to compel ("Plaintiff's Request") (Dkt. 22).

By letter filed November 27, 2024 (Dkt. 24), Defendants opposed Plaintiff's Request as excessive.  Specifically, Defendants object to Plaintiff's hourly rates of $150, $200, and $450 per hour for Plaintiff's paralegal, law clerk, and Plaintiff's counsel's time, respectively, on researching, drafting, and filing Plaintiff's motion, as being significantly higher than prevailing rates for such work in this District's legal market.  Defendants further argue that the number of hours expended by Plaintiff's law firm in preparing Plaintiff's motion to compel were also unreasonable given the simple, non-complex nature of the issue presented by Plaintiff's motion, *i.e.*, whether Chief Stauffiger's refusal to answer two deposition questions as propounded by Plaintiff was improper.  By letter, filed December 2, 2024 (Dkt. 25), Plaintiff argues that despite Defendants' reliance on caselaw supporting Defendants' contention, such caselaw is distinguishable based on the effects of inflation and Plaintiff's counsel's background as an attorney with

2

over 33 years of litigation experience.  *See* (Dkt. 25) at 1.  Based on the fact that Defendants do not oppose Plaintiff's request for sanctions and the court's determination of Plaintiff's motion, the court finds that Stauffiger's refusal to answer Plaintiff's deposition questions was not substantially justified and that an award of expenses, as required by Rule 37(a)(5)(A), would not be unjust.  It is established law that a deponent may not refuse to answer deposition questions except as necessary to protect a privilege, to enforce a court ordered limitation, or to seek judicial relief from unreasonable annoyance, embarrassment, or oppressive misconduct pursuant to Fed.R.Civ.P. 30(d)(3).  *See* October 10, 2014 D&O (Dkt. 19) at 4-5 (citing caselaw). The court thus turns to whether the expenses sought by Plaintiff are reasonable.

In determining the amount to be awarded to the prevailing party in connection with a motion to compel pursuant to Fed.R.Civ.P. 37(a)(5)(A), the court calculates the lodestar amount which is the product of a reasonable hourly rate for the attorney who worked on the motion times a reasonable number of hours expended on the preparation of the motion.  *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1457881, at *2 (W.D.N.Y. Apr. 14, 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

(1)   <u>Plaintiff's Hourly Rates</u>.

An award of expenses pursuant to Fed.R.Civ.P. 37(a)(5)(A) must be "fair and reasonable." *Scott-Iverson v. Independent Health Association, Inc.*, 2017 WL 2374407, at *2 (W.D.N.Y. May 31, 2017) (quoting *CSL Silicones, Inc. v. Midsun Grp, Inc.*, 2017 WL 1399630, at *2 (D.Conn. Apr. 18, 2017) (citing caselaw)). In making an award the

court must apply a reasonable hourly billing rate based on the relevant market for legal services in the case. *CSL Silicones, Inc*, 2017 WL 1399630, at *2 (quoting *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 551 (2010)).

Here, Plaintiff's hourly rates are excessive. In *Ortiz v. Stambach*, 657 F.Supp.3d 243, 268 (W.D.N.Y. 2023), Chief Judge Wolford determined that in this district the "prevailing hourly rate for an experienced attorney in a civil rights matter is typically no more than $300 per hour." Judge Wolford further found that a reasonable rate for an associate attorney was $200; for a paralegal $100. *Id.* at 269. Accordingly, while allowing for some inflation effect and taking into account Plaintiff's counsel's extensive litigation experience, the court finds a reasonable hourly rate for counsel's time to be $350 per hour. For Plaintiff's counsel's law clerk, a reasonable hourly rate is $125 per hour, and for Plaintiff's counsel's paralegal, $110 per hour. See *Ortiz*, 657 F.Supp.3d at 269. *See also McPhaul v. Insight Mgt. Partners*, 2022 WL 542534, at *4 (W.D.N.Y. Feb. 23, 2022) (approving, *inter alia*, $300 hourly rate for plaintiff's attorney in a FDCPA case and $110 hourly rate for a law student intern); *New York v. Grand River Enterprises Six Nations, Ltd*, 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021) (finding $340 per hour a reasonable rate for an attorney with 10 years of civil litigation experience and $200 per hour a reasonable rate for an attorney with one year experience).

(2)   Plaintiff's Time Request.

The other difficulty with Plaintiff's Request is that the number of hours, 38.75, nearly 40 hours, in total, expended on researching and drafting Plaintiff's motion, as claimed by Plaintiff, is clearly excessive. In deciding the question of reasonableness of the number of hours claimed by counsel, the court's inquiry is whether when the work

was performed "'a reasonable attorney would have engaged in similar time expenditures.'"  *Eades v. Kennedy, P.C. Law Offices*, 343 F.Supp.3d 104, 106-07 (W.D.N.Y. 2018) (quoting *Reiter v. Metro. Trans. Auth. of State of N.Y.*, 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  In assessing whether the prevailing party's requested time is reasonable, courts may consider the complexity of the underlying matter and use its experience.  *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) ("In calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.").

In the instant case, the court finds that Plaintiff's motion presented a single issue, namely, whether Stauffiger's refusal to answer two questions by Plaintiff during Stauffiger's deposition was proper under Fed.R.Civ.P. 30(c)(2) ("Rule 30(c)(2)"). Included in Plaintiff's motion was a two-page Certificate of Conference required by Rule 37(a)(1), a five-page affidavit of Paul D. Weiss in support of Plaintiff's motion in which Plaintiff's counsel outlined the basis for Plaintiff's motion emphasizing that under Rule 30(c)(2) the only ground for refusal to answer a deposition is that a question seeks privileged information, a need to enforce a judicial limitation on questions, or to adjourn the deposition to request judicial oversight pursuant to Fed.R.Civ.P. 30(d)(3).  The motion also included copies of the relevant portions of Stauffiger's deposition, a copy of Plaintiff's July 18, 2024 letter to Defendants' counsel citing supporting caselaw and a seven-page Memorandum of Law citing caselaw supporting Plaintiff's argument and request for expenses as required by Rule 37(a)(5)(A).  The court's resultant Decision

and Order, filed October 10, 2024 (Dkt. 19), covered six-pages of discussion and analysis which the court issued without the need for oral argument.  As noted, Defendants' effectively conceded Stauffiger's refusal to answer Plaintiff's questions and Defendants' counsel's agreement to such refusal was in error.  *See* (Dkt. 20) (informing the court in response to the OTSC that Defendants "defer" to the court to determine the issue).  The relative simplicity and straight forward nature of the issue as presented on Plaintiff's motion should therefore not have required nearly 40 hours of analysis, legal research, and drafting to adequately prepare and submit Plaintiff's motion.  The court finds, based on its experience, that a reasonable lawyer would not have devoted more than 15 hours of time to accomplish such tasks.  *See Eades*, 343 F.Supp.3d at 106-07.  Accordingly, the court determines a reasonable amount of time for preparation of Plaintiff's motion was 15 hours, 12 hours of which is a reasonable amount of time for Mr. Weiss's law clerk to prepare a draft of Plaintiff's motion and three hours for Mr. Weiss's review of the draft motion.  By the same token, the court finds the amount of time claimed by Plaintiff's paralegal should be reduced to 4.5 hours.  Based on these findings, the total award should be:

| | | | |
|---|---|---|---|
| Paul Weiss | 3 hours @ $300/hour | = | $  900 |
| Law Clerk | 12 hours @ $125/hour | = | $1,500 |
| Paralegal | 4.5 hours @ $110 hour | = | $  495 |
| | | | $2,895 |

Finally, although not addressed by the parties, the court finds, as required by Rule 37(a)(5)(A), that this award should be the responsibility of Defendants' counsel.  While the record shows Stauffiger's refusal to answer Plaintiff's questions resulted from Stauffiger's own initiative, *see* (Dkt. 11-4) at 103 LL. 9-15, it is also the case that, as an

experienced litigator, Defendants' counsel should have been aware that Stauffiger's refusal to answer was without justification in law and, instead of expressing agreement with Stauffiger's wrongful refusal, directed Stauffiger to answer Plaintiff's questions. *See Bacote v. Riverbay Corp.*, 2016 WL 7496139, at *3 (S.D.N.Y. Dec. 29, 2016) (ordering defendant's counsel to pay fee award under Rule 37(d) where said counsel made the decision upon which the defendant relied, resulting in the violation of discovery). Accordingly, given these circumstances, the court finds Defendants' counsel should bear the burden of payment of Plaintiff's award of expenses.

## CONCLUSION

Based on the foregoing, Defendants' counsel shall remit $2,895 to Plaintiff's counsel within 30 days of this Decision and Order pursuant to Rule 37(a)(5)(A). SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates: March 13, 2025
Buffalo, New York